IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INVENSENSE, INC.<br><br>      Plaintiff,<br><br>  v.<br><br>STMICROELECTRONICS, INC.<br><br>      Defendant | Civil Action No. 2:13-cv-405 |

## DEFENDANT STMICROELECTRONICS, INC.'S MOTION TO STAY

Defendant STMicroelectronics, Inc. ("ST") hereby respectfully requests an order staying substantive proceedings, discovery and the initial disclosure obligations imposed by the Federal Rules of Civil Procedure and Local Rules pending the Court's determination of ST's Motion to Dismiss For Improper Venue Or In The Alternative To Transfer (D.N. 19) ("Motion to Dismiss"). ST contends that this Court is an improper venue for adjudication of plaintiff InvenSense, Inc.'s ("INV") claims and that the litigation was only brought here to evade the stay in effect in the parties' co-pending actions in the Northern District of California. InvenSense should not be permitted to capitalize on its forum-shopping to avail itself of discovery it would not be afforded had it brought this action in a proper venue.

The resolution of ST's Motion requires the Court to address jurisdictional issues, determination of which ST believes will result in dismissal of the present litigation. Since ST has yet to appear in this litigation, has not Answered or filed its counterclaims, and has only filed a Rule 12(b) motion (and a motion to transfer in the alterative), requiring ST to provide initial disclosures much less subjecting ST to full, substantive discovery is premature and unduly

burdensome.  This is particularly true because INV rejected ST's proposal that the parties engage in bilateral venue discovery, thus signaling its belief that discovery is unnecessary to resolve the foundational issues currently pending before the Court.  For these reasons, ST's initial disclosure and discovery obligations should be stayed at least until the Court decides ST's pending Motion to Dismiss.  In keeping with ST's request that substantive discovery be stayed, ST further requests that to the extent necessary, the Court stay and defer adjudication of substantive proceedings that would require the parties' to engage in discovery, such as any *Markman* proceedings, pending adjudication of ST's Motion to Dismiss.

## I.      FACTUAL BACKGROUND

### A.      Invensense's Claims In The Northern District Of California Are Not Currently Subject To Discovery

ST initiated the first-filed Northern District of California action in May 2012, after licensing negotiations between the parties broke down.  *See* D.N. 20-1, *STMicroelectronics, Inc. v. InvenSense, Inc.*, Case No. 012-2475 JSW (N.D. Cal.).  In that case, INV asserted patent infringement counterclaims based on two INV patents directed to the design and manufacture of certain types of microelectromechanical systems ("MEMS Devices").  D.N. 20-2.

Several months after the parties commenced litigation in the Northern District of California, InvenSense began filing successive requests for *ex parte* reexamination of ST's asserted patents.  Based on its requests, on September 26, 2012, INV filed its first motion asking the Northern District of California Court to ***partially*** stay the action pending reexamination.  Specifically, INV sought to stay STM's infringement claims on the seven patents subject to INV's reexamination requests, but to allow INV's own infringement claims against STM to proceed unhindered.  D.N. 20-5.  At STM's urging that INV should not be permitted to use the reexamination process to gain a tactical advantage in the litigation, the Court rejected without

2

oral hearing INV's lopsided request.  D.N. 20-6.

Undeterred, INV filed additional reexamination requests against STM's patents and, without waiting to see if the Patent Office was going to grant these requests, INV moved again in January 2013, this time asking the Court to stay the *entire* litigation, including its own patent infringement counterclaims against STM.  *Id*. at Ex. 7.  As INV represented to the Court:

> Finally, ***to alleviate any claimed prejudice from a one-sided stay of only ST's patents***, *InvenSense, by this Motion, requests a stay of the <u>entire case</u> pending reexamination, including its counterclaims of infringement of its own two patents*.  InvenSense does so, even though its own  patents are infringed by ST (a direct competitor) and there are no reexamination proceedings challenging the validity of InvenSense's patents.  ***Thus, to the extent there is any harm from a stay due to continued infringement by a competitor, such harm will be borne by both parties.***  *Microsoft Corp. v. TiVo Inc*., No. 10-CV-00240-LHK, 2011 U.S. Dist. LEXIS 52619, at *14-*15  (N.D. Cal. May 6, 2011) (granting stay because plaintiff's concerns regarding undue prejudice were negated, in part, by defendant's willingness to stay its own patent infringement counterclaims pending reexamination of plaintiff's patents); *see also Protect Connect, Inc. v.  Leviton Mfg. Co*., No. 10cv758 AJB (BGS), 2011 U.S. Dist. LEXIS 44045, at *2-*3 (S.D. Cal. Apr. 22, 2011) (staying entire case, including counterclaim patents not in reexamination).

D.N. 20-7 at 8 (emphasis added).  This time around the Court granted INV's motion, finding "that staying this entire action, ***including the counterclaims***, would not unduly prejudice or present a clear tactical advantage to either party."  D.N. 20-8 (citation omitted) (emphasis added).  The stay entered by the Court is temporary and expires once the reexamination proceedings INV initiated have been completed.

### B.  The Parties' Are Already Engaged In Multi-Forum Litigation

On March 11, 2013, STM filed a Complaint with the International Trade Commission seeking institution of an investigation into INV's and its customers' infringement of five (5) STM patents, including three STM patents asserted in the original Northern District of California litigation and two additional patents, U.S. Patent Nos. 6,370,954 (the "'954 patent") and 6,034,419 (the "'419 patent").  D.N. 20-9.  Thereafter, on March 12, 2013, STM filed a

companion action in the Northern District of California asserting the '954 and '419 patents, which was likewise stayed at INV's request (without opposition from STM) pursuant to 28 U.S.C. § 1659, pending resolution of the ITC Investigation. *STMicroelectronics, Inc. v. InvenSense, Inc.*, Case No. 13-1116 JCS (N.D. Cal.). The ITC instituted the requested investigation on April 10, 2013. *Certain Microelectromechanical Systems ("MEMS Devices") and Products Containing Same*, Inv. No. 337-TA-876 (U.S.I.T.C.); D.N. 20-10.

On April 29, INV moved to stay the ITC Investigation based on its previously-initiated reexaminations of the three patents at issue in the original Northern District of California action as well as new petitions for *inter partes* review, that INV filed after the ITC case commenced, against the '954 and '419 patents. In its motion, INV characterized the ITC Investigation as a "blatant end run around a district court order staying previously-filed litigation" . . . in "circumvention of the district court's order." D.N. 20-11.

The ALJ disagreed. D.N. 20-12. In denying INV's request to stay the ITC Investigation, the ALJ relied in part on the unique nature of ITC proceedings and the specific types of remedies afforded therein, which are not at available from the district court. *Id*. at 7-8. The ALJ rejected INV's allegations of forum shopping, finding that the Commission had been aware of the reexamination proceedings and stay but chose to "institute this Investigation anyway, allowing Complainant the opportunity to find relief in another forum" that is distinct from district court, and that allowing a respondent to achieve a stay of ITC proceedings based on reexamination proceedings it initiated would undermine the efficacy and fairness of ITC proceedings. *Id*. at 6,8.

### C.  INV Filed This Case To Evade The Reach Of The Stay Imposed In The Northern District Of California Litigation At Its Request

On May 16, 2013, less than three months after the California Court stayed all pending

federal district court litigation between the parties *at INV's request*, INV filed the present infringement suit in this District, accusing the same STM products of infringement as are currently at issue in the stayed California Litigation.  D.N. 1, 11.  The asserted patents in this case, which were all issued before the stay was entered in the Northern District of California case, relate to similar technology for particular types of MEMS devices, specifically MEMS devices that include a gyroscope (U.S. Patent No. 8,347,717) or a combination of gyroscopes and accelerometers (U.S. Patent Nos. 8,351,773 and 8,250,921).[1]

Instead of bringing this action in Marshall, INV could have simply amended its Answer in the first-filed Northern District of California case, where it already had counterclaims pending for patent infringement, to add the patents at issue here.[2]  In doing so, however, those patents would have been subject to the Northern District of California Court's order (entered at INV's request) staying INV's previously filed patent case.  D.N. 20-6 (Order Denying Stay); D.N. 20-8 (Order Granting Stay).  Indeed, the Court's entry of a stay in the Northern District of California was predicated on INV's proposal that the stay apply to both parties' asserted claims "*to alleviate any claimed prejudice from a one-sided stay.*"  D.N. 20-8 at 4.

## II.  <u>LEGAL STANDARD</u>

"The District Court has the inherent power to control its own docket, including the power to stay proceedings."  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983));

---

[1]   The two patents asserted by InvenSense in the Northern District of California litigation – U.S. Patent Nos. 7,290,435 and 7,458,263 – also relate to the same types of MEMS devices (gyroscopes) and share several of the same inventors as the patents asserted in this case (*e.g.*, Steven Nasiri and Joseph Seeger).

[2]   Each of the patents-in-suit in this action issued well before the stay in the Northern District of California action was entered on February 27, 2013.

*see also In re Fusion-IO, Inc.*, Misc. No. 139, 489 Fed. Appx. 465 (Fed. Cir. Dec. 21, 2012) (directing this Court to stay proceedings and "act on [the pending transfer] motions before proceeding to any motion on the merits of the action").  In determining whether good cause supports the requested stay, courts in this Circuit typically consider: (1) the hardship imposed on the defendant in the absence of a stay; (2) the potential prejudice to the plaintiff likely to be caused by the proposed stay; and (3) whether a stay would be judicially efficient.  *Nguyen v. BP Exploration & Prod. Inc.*, Case No. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (granting stay pending transfer to the MDL forum); *see also B.E. Tech. LLC v. Sony Computer Ent'mt*, No. 12-cv-02826-JPM-tmp, et al, 2013 WL 524893 (W.D. Tenn. Feb. 11, 2013) (finding that a stay of "Local Patent rule disclosures and fact discovery . . . will allow the Court to properly decide the pending Motions to Change Venue in light of judicial economy and comity").

"The United States Court of Appeals for the Fifth Circuit and [District Courts in this Circuit] have on numerous occasions upheld a stay and/or stayed discovery pending resolution of a dispositive motion to conserve the resources of the parties." *Johnson v. PPI Tech. Servs, L.P.*, 2012 WL 5449636 (E.D. La. Oct. 18, 2012) (citing *Enplanar Inc. v. Marsh*, 25 F.3d 1043 (5th Cir. 1994) (collecting cases); *see also Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 435 (5th Cir. 1990)).  Recently, in assessing Fusion-IO's petition for a writ of mandamus transferring its case to another venue, the Federal Circuit directed litigants before this Court to file a motion to stay proceedings and ordered this Court to decide the motion to stay and pending motion to transfer "before proceeding to any motion on the merits of the action."  *In re Fusion-IO,* 489 Fed. Appx. at 466.  Relying on Fifth Circuit precedent in *In re Horseshoe Entm't*, the Federal Circuit found that a "motion to transfer timely [filed] . . . before [the defendant] filed its answer"

should be afforded "top priority in the handling of the case" and should be considered before "discovery . . . irrelevant to the determination of the preliminary question of transfer" is conducted.  *Id.* (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *McDonnell Douglas Corp. v. Polin*, 429 F.d 30, 30-31 (3d Cir. 1970)).  Following the Federal Circuit's directive in *Fusion-IO*, this Court stayed the underlying litigation pending resolution of Fusion-IO's motion to transfer.  *Solid State Storage Solutions, Inc. . STEC, Inc.,* 2:11-cv-00391-JRG-RSP, D.N. 292 at 1 (E.D. Tex. Jan. 3, 2013) (Payne, J.).

### A. <u>A Stay Is Necessary To Prevent Unfair Prejudice To ST</u>

Here, this action is simply the last of several actions pending between the parties.  The parties are currently engaged in an ITC Investigation, two District Court cases in the Northern District of California, two *inter partes* reviews before the USPTO, and ten *ex parte* reexaminations.  *See* D.N. 19 at 1, 26-28.  Unlike in many motions presented to this Court, this is **not** a case where the parties would be engaging in the very same discovery and early disclosures regardless of the forum, and therefore, there is no detriment to requiring them to engage in discovery pending resolution of a motion to dismiss or transfer.  *Compare Moreno v. Marvin Windows Inc.*, No. EP-07-CV-091-PRM, 2007 WL 2008680, at *1 (W.D. Tex. Jun. 15, 2007) (finding a stay unnecessary because the parties would be engaged in the same discovery regardless of the forum in which they were litigating).

To the contrary, had InvenSense brought this action as a counterclaim in the parties' earlier-filed litigation in the Northern District of California (as it could have), its claims would currently be stayed.  In effect, InvenSense's promise to forego its own patent infringement claims against ST throughout the duration of the stay was the *quid pro quo* for staying ST's infringement claims against InvenSense in the first-filed Northern District of California action.

Had InvenSense filed the present infringement suit in the Northern District of California, the Court would almost certainly have foreclosed InvenSense's attempt to avoid the terms of the stay it so desperately sought and thereby gain the precise type of unfair tactical advantage that the Court in California found warranted denial of INV's first motion for a partial stay of proceedings.   INV should not be permitted to obtain through forum shopping the litigation advantage it expressly gave up (and the Court deemed "unfair") when it sought to stay ST's claims in the first-filed Northern District of California action.

Given the stay in the parallel litigation invoked by InvenSense, ST would be substantially prejudiced by having to engage in discovery here while being denied discovery relevant to its own claims pending in the Northern District of California.  Moreover, since ST has not appeared (and is not required to appear) in this action or file its counterclaims before its Rule 12(b) motion is decided, any proceedings conducted before the Motion to Dismiss is decided would relate exclusively to InvenSense's claims and not to the counterclaims that ST would likely bring; thus the same proceedings and discovery would have to be conducted all over again once the motion is decided and ST files its Answer and counterclaims (regardless of what forum the litigation ends up in).  This inefficiency is compounded because the discovery likely to be relevant to InvenSense's claims (and ST's anticipated counterclaims) here is likely to be similar to and over-lapping with the discovery required for the Northern District of California case.  This includes discovery not just relating to liability (*e.g.*, discovery relating to the accused products at issue in both litigations as well as inventorship-related discovery from the over-lapping inventors) but also the extensive financial discovery required for a damages remedies analysis.  Thus, it makes the most sense – whether this case is ultimately transferred or not – to stay all discovery and initial disclosure obligations until both cases are being actively litigated and the parties can

assess, at one time, the universe of necessary discovery.

**B.      INV Will Not Be Unduly Prejudiced By A Stay**

Moreover, INV will not be unduly prejudiced by the short stay required to permit the Court to assess and decide the pending Motion to Dismiss.  INV has not identified any factual issues that require immediate exploration through discovery or initial disclosures – and intentionally elected ***not*** to engage in discovery to support its Opposition to the Motion to Dismiss.  *Compare Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. Jul. 10, 2008).(finding a stay appropriate where plaintiff failed to identify "any factual issues in need of **immediate** exploration" to address the pending dispositive motion).  Though ST had offered to engage in limited, bilateral discovery relevant to venue, INV rejected its proposal, signaling its belief that the pending motion can be decided without additional discovery or disclosures from ST.   Exs. 1-3.[3]  The Federal Circuit has recently emphasized, in several opinions, that fairness and efficiency for the both the litigants and the court favor disposition of transfer motions **before** discovery and substantial litigation that is not essential to determining the appropriate venue for the litigation.  *See, e.g.*,  *In re EMC Corp.*, Mis. No. 142, 501 Fed. Appx. 973 (Fed. Cir. Jan. 29, 2013) ("Congress' intent 'to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against inconvenience and expense . . . may be thwarted" when the litigants are forced to engage in lengthy, substantial litigation prior to determination of a transfer motion) (quoting *In re Horseshoe*, 337 F.3d at 433); *see also  In re Fusion-IO,* 489 Fed. Appx. at 466.

---

[3]   All cited exhibits are attached to the Declaration of Michael D. Powell submitted herewith.

### C.      Judicial Economy Supports A Stay

The Circuit has also found the judicial economy is best served by deciding a pending transfer motion before engaging in the merits of an action.  "'Judicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected.'"  *Id.*  (quoting *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d. Cir. 1970)).  In particular, judicial efficiency is best served when the same court ultimately responsible for trying the case is the one that manages the conduct of discovery, pre-trial motion practice, and *Markman* proceedings (if appropriate).  *McDonnell Douglas*, 429 F.2d at 31 ("[T]he court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.");  *see also Acceleron LLC v. Hitachi Data Sys. Corp.*, 1:12-cv-2996-TCB, D.N. 41 (N.D. Ga. Mar. 19, 2013) (staying litigation based on considerations of judicial efficiency).  This efficiency is particularly strong when the court is already considering related cases involving the same parties and similar technology – in which common issues relating to discovery and pretrial motion practice – are likely to arise.  *See, e.g.*, *Sundance Leasing Co. v. Bingham*, 503 F. Supp. 139, 140-141 (D.C. Tex. 1980) ("Considerations of judicial economy and efficiency clearly support a policy of having substantially similar matters litigated before the same tribunal.");  *Portal Technologies, LLC v. Yahoo, Inc.*, No. 2:11-cv-440-JRG, 2012 WL 3242205 (E.D. Tex. Aug. 7, 2012) (finding that judicial economy favors adjudication of related actions, even if not completely overlapping, by the same court).  Thus, where as here the parties' have already engaged in substantial litigation in a different forum relating to overlapping accused products and essentially the same technology (*i.e.*, MEMS gyroscopes), judicial economy strongly favors both staying the litigation pending resolution of the venue issues and transferring the case to the

10

first-filed district.  Additionally, the unique procedural posture of this litigation – where because of the InvenSense-invoked stay in the Northern District of California, there is no practical means for coordinating discovery or adjudicating discovery-related motions – further militates against permitting substantive discovery to ensue in this action before the Court determines the appropriate forum for the litigation.

## III.   CONCLUSION

For all the foregoing reasons, ST respectfully requests that this Court stay ST's initial disclosure obligations and substantive discovery pending resolution of the Motion to Dismiss (D.N. 19).  ST further requests, to the extent necessary, that additional substantive proceeding requiring discovery, such as any *Markman* proceedings, be stayed pending disposition of the Motion to Dismiss.

Dated:  September 2, 2013          Respectfully submitted,

*/s/ Michael D. Powell*
_____
Mark J. Mann
Mann Tindel & Thompson Law Group
300 West Main Street
Henderson, Texas 75652
Tel: (903) 657-8540
Fax: (903) 657-6003
Email: Mark@TheMannFirm.com

Charles K. Verhoeven
Sean S. Pak
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
Fax: (415) 875-6700
E-mail: SeanPak@quinnemanuel.com

Michael D. Powell
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Tel.: (650) 801-5000
Fax: (650) 801-5100
E-mail: mikepowell@quinnemanuel.com

*Counsel for defendant STMicroelectronics, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(h)-(i)

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  The parties met and conferred telephonically and by letter including on July 29, 2013 and August 1, 2013.  Participants in the meet and confer negotiations included Mark Mann and Michelle Clark for ST and Vinay Joshi and Eric Findlay for InvenSense.  No agreement was reached and the discussions have conclusively ended in an impasse because InvenSense is not amenable to any stay of the proceedings.

*/s/ Michael D. Powell*

_____
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Counsel for defendant STMicroelectronics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 2nd day of September, 2013.

*/s/ Michael D. Powell*

_____
Michael D. Powell